IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETER JAMES MARTIN, TDCJ NO. 1846003, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-0531 |
| CHRISTOPHER AZWELL, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

State inmate Peter James Martin (TDCJ No. 1846003) has filed a complaint under 42 U.S.C. § 1983 alleging violations of his civil rights by a Montgomery County Sheriff's Deputy who shot him during his pursuit and arrest. Martin is proceeding pro se and he has moved for leave to proceed in forma pauperis. Martin is incarcerated pursuant to multiple convictions resulting from the arrest, including aggravated assault on a public servant. After reviewing the pleadings and available state court records, the court concludes that this case must be dismissed for reasons that follow.

I. **Factual Background and Claims**

Martin was convicted in Montgomery County, Texas, and sentenced to 99 years in prison for aggravated assault against a public servant, evading arrest with a vehicle, and tampering with physical evidence. State v. Martin, No. 12-03-02604 (221st Dist.

Ct., Montgomery County, Tex., Jan. 31, 2013). He was also convicted of possession of a controlled substance and sentenced to twenty years in the same proceeding. Id. Martin's appeals of the criminal convictions are currently pending in the Court of Appeals for the Ninth District of Texas. Martin v. State, Nos. 09-13-00180-CR; 09-13-00181-CR; 09-13-00182-CR; 09-13-00183-CR (Tex. App. – Beaumont, filed Apr. 17, 2013).[1] Martin also has two prior convictions for burglary of a habitation. State v. Martin, No. 92-12-01126-CR (221st Dist. Ct., Montgomery County, Tex., Mar. 5, 1991); State v. Martin, No. 612041 (339th Dist. Ct., Harris County, Tex., Feb. 9, 1991).

## A. Martin's Allegations

Martin alleges that on March 6, 2012, approximately fifteen law enforcement vehicles were pursuing him at speeds ranging from 35 to 50 miles per hour near Splendora, Texas (Docket Entry No. 1, p. 3). The chase ended when Martin stopped his car on a resident's front lawn on Bates Road, a cul de sac located in Splendora. By this time approximately ten law enforcement officers had exited their vehicles with their weapons drawn and pointed at Martin who was sitting in his car. Martin immediately complied with the officers' shouts to raise his hands. Montgomery County Sheriff's Deputy Chris Azwell, who was one of the law officers at the scene,

---

[1]See Texas Courts Online Website, http://www.courts.state.tx.us/.

fired his gun. The bullet pierced the passenger side of the windshield of Martin's car and struck Martin in the chest.

Martin states that he fell over onto the passenger seat and involuntarily caused his car to roll forward (Docket Entry No. 1, p. 3). He claims that Deputy Azwell tried to shoot him in the head but missed and hit the car's door frame. A total of three shots were fired by Deputy Azwell. Fearing for his safety, Martin recovered momentarily enough to drive another 300 yards until he reached his sister's property where he parked the car, got out of it, and fell on the ground. Law enforcement officers put Martin in an ambulance, and he was rushed to Memorial Herman Hospital where doctors treated the wound and saved his life.

Martin contends that Deputy Azwell's actions constituted excessive use of force. He alleges that his hands were raised and that it was obvious that he was surrendering. Martin claims that the shooting was gratuitous and that no force was necessary to effect his arrest. He states that he was trying to get away from Deputy Azwell when he drove past him and never made any physical contact with him. Martin contends that Deputy Azwell's actions were unnecessary and unjustified under the Texas Penal Code.

Martin seeks compensatory damages for the pain and suffering he endured as well as the physical injuries he suffered. Id. at 6. He also seeks compensation for medical expenses that were incurred. Martin further seeks punitive damages from Deputy Azwell for his sadistic and malicious conduct. Id.

Martin contends that although he has been found guilty of assaulting Deputy Azwell, the evidence, including the dash camera on Deputy Azwell's vehicle will substantiate his claims. Id. at 4. He therefore requests a court-appointed counsel and a jury trial. Id. at 6.

## B. Martin's Criminal Conviction

Martin was charged with using a motor vehicle as a deadly weapon to threaten Deputy Azwell with imminent bodily injury (Docket Entry No. 1, pp. 9, 11). He was subsequently convicted of aggravated assault against a public servant and is currently appealing the state district court's judgment. Martin v. State, Nos. 09-13-00180-CR, et al. According to the brief filed by Martin's appellate attorney, the following facts were established during Martin's trial:

> On March 6, 2012, Deputy Chris Azwell, with the Montgomery County Sheriff's Office, received an "attempt to locate" call through dispatch. The "attempt to locate" was in reference to a "blue in color older model car being operated recklessly." The dispatch call stated that the vehicle was traveling into oncoming traffic and almost colliding with other vehicles. Deputy Azwell was able to locate the suspect vehicle, noticing that the driver was unable to maintain his speed and that the driver appeared to be "searching around in the vehicle . . . reaching down to the passenger [floorboard]." Because of the erratic driving and the information in the "attempt to locate," Deputy Azwell attempted to stop the vehicle in order to check on the welfare of the driver. Deputy Azwell turned on the emergency lights on his marked patrol unit to attempt to conduct this traffic stop, and when he realized the driver of the suspect vehicle was not going to stop, he also activated the siren on his vehicle.

> During the pursuit that followed immediately thereafter, the suspect vehicle ran two red lights and crossed into oncoming traffic. Deputy Azwell, as well as other observers of the pursuit, noted that the driver of the vehicle was throwing what appeared to be drugs and/or drug paraphernalia out of the window throughout the pursuit.
>
> Deputy Azwell chased the suspect vehicle onto a dead-end street. As the pursuit neared the end of the street, the suspect vehicle decreased speed and turned into a residential yard. Deputy Azwell stopped his patrol unit, retreated to the rear of his vehicle, and made eye contact with the driver of the suspect vehicle. With his service weapon drawn, he gave the driver a visual command to stop the vehicle. The driver of the suspect vehicle then "accelerated aggressively" directly toward Deputy Azwell, and as he moved out of the way and the vehicle narrowly went past him, Deputy Azwell fired three rapid-succession shots at the vehicle.
>
> The driver of the suspect vehicle, later identified as the Appellant, continued to drive through the residential yard, across the driveway of another house then back onto the street. A short distance later, the Appellant exited the vehicle without putting the vehicle in park. Once Deputy Azwell and Chief Alex Hadrych (Splendora Police) were able to subdue the Appellant, they noticed that the Appellant had a gunshot wound to his chest.

Appellant's Brief filed in Martin, Nos. 09-13-00180-CR, et al., pp. 11-12.

The sole issue raised on appeal is whether the district court abused its discretion by failing to grant Martin's motion for mistrial after the State elicited testimony from a defense witness concerning Martin's criminal history. Id. at 6.

## II.   Standard of Review

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"), which mandates the dismissal of a

prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds in forma pauperis. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Courts construe pleadings filed by pro se litigants under a less stringent standard of review. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972). Under this standard "[a] document filed pro se is 'to be liberally construed,' Estelle [v. Gamble, 97 S. Ct. 285, 292 (1976)], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949, quoting Twombly, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, at 678.

### III. Analysis

Martin is suing Deputy Azwell for civil rights violations under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; Breen v. Texas A&M Univ., 485 F.3d 325, 332 (5th Cir. 2007). To establish liability under § 1983 a civil rights plaintiff must establish two elements: (1) state action, i.e., that the conduct complained of was committed under color of state law; and (2) a resulting violation of federal law, i.e., that the

conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See Collins v. City of Harker Heights, 112 S. Ct. 1061, 1066 (1992); see also Townsend v. Moya, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights."), citing Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 452 (5th Cir. 1994).

Martin alleges that Deputy Azwell violated his civil rights by injuring him through the use of force that was clearly excessive to the need and that was objectively unreasonable. He contends that Deputy Azwell had no justification to shoot him because he was merely trying to escape from Deputy Azwell and that Deputy Azwell was not under any threat of imminent physical harm. These allegations concern the events that led to his conviction and imprisonment for aggravated assault on a public servant.

In general, a prisoner's civil rights complaint for damages is barred from consideration if he challenges the validity of his incarceration without presenting any argument or proof that a court has reversed or overturned the conviction for which he is in prison. Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994). A civil rights claim that attacks or even questions the validity of the plaintiff's confinement must be dismissed unless the judgment or sentence has been reversed, expunged, or set aside on direct appeal, post-conviction petition for a writ of habeas corpus, or

other appropriate action. Id.; Morris v. McAllester, 702 F.3d 187, 190 (5th Cir. 2012).

Martin's state-court conviction for aggravated assault on a public servant bars his § 1983 excessive-force claim against Deputy Azwell since Martin's § 1983 claim is necessarily inconsistent with the conviction that has not been overturned. Hainze v. Richards, 207 F.3d 795, 798 (5th Cir. 2000), citing Sappington v. Bartee, 195 F.3d 234 (5th Cir. 1999). Because the excessive-force claim asserted by Martin is not conceptually distinct from the assault charge for which he was found guilty, he cannot proceed in this civil rights proceeding until the criminal judgment has been reversed or set aside. DeLeon v. City of Corpus Christi, 488 F.3d 649 (5th Cir. 2007). Martin's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met. Id., citing Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

## IV. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The plaintiff's Application to Proceed In Forma Pauperis (Docket Entry No. 3) is **GRANTED**.

2. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to withdraw forty dollars ($40.00) from the inmate trust account of Peter James Martin [TDCJ #1846003] and forward the funds to the Clerk. Thereafter, the Inmate Trust Fund shall deduct twenty per cent of each deposit made to Martin's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. Plaintiff's Original Complaint for Civil Rights Violation (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy of this Memorandum Opinion and Order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas 77342-0060, Fax Number 936-437-4793; (2) the TDCJ Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this 31st day of March, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE